UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES WOODEN,<br>GREGORY FOUNTAIN,<br>ALEXIS ORTEGA,<br>CARL CAMPBELL, and<br>COURTNEY MUSICK,<br><br>Defendants. | CASE NO.<br><br>JUDGE<br><br>**INDICTMENT**<br><br>21 U.S.C. § 846<br>21 U.S.C. § 841(a)(1)<br>21 U.S.C. § 841(b)(1)(A)<br>18 U.S.C. § 1956(a)(1)(A)<br>18 U.S.C. § 1956(a)(1)(B)<br>18 U.S.C. § 1956(h)<br>**FORFEITURE ALLEGATIONS** |

**THE GRAND JURY CHARGES:**

### COUNT 1
(Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Fentanyl)

1.      Beginning in or about December 2015, and continuing to on or about June 6, 2022, the exact dates being unknown to the Grand Jury, in the Southern District of Ohio and elsewhere, the defendants, **CHARLES WOODEN, GREGORY FOUNTAIN, ALEXIS ORTEGA,** and **CARL CAMPBELL,** did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with each other and other individuals, both known and unknown to the Grand Jury, to distribute and possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

**In violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(i) and 841(b)(1)(A)(vi).**

1

## COUNT 2
(Conspiracy to Commit Money Laundering)

2. From at least December 2015 through at least April 2024, the exact dates being unknown to the Grand Jury, in the Southern District of Ohio and elsewhere, the defendants **CHARLES WOODEN, GREGORY FOUNTAIN, ALEXIS ORTEGA, CARL CAMPBELL,** and **COURTNEY MUSICK,** knowingly combined, conspired, and agreed with each other and with other persons, known and unknown to the Grand Jury, to commit offenses against the United States in violation of 18 U.S.C. § 1956—namely:

  a. to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity—namely, drug trafficking—with the intent to promote the carrying on of specified unlawful activity—namely, drug trafficking—and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and

  b. to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity—namely, drug trafficking—knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

## MANNER AND MEANS OF THE CONSPIRACY

3. The manner and means used to accomplish the objectives of the conspiracy included, but were not limited to, the following:

4. During the course of the conspiracy, the defendants **CHARLES WOODEN, GREGORY FOUNTAIN, ALEXIS ORTEGA, CARL CAMPBELL,** and their co-conspirators, shipped drug proceeds utilizing FedEx from Columbus, Ohio to Arizona, California, Texas, and other states, to facilitate the purchase of additional narcotics to continue the drug trafficking operation in Ohio. The defendants **CHARLES WOODEN, GREGORY FOUNTAIN, ALEXIS ORTEGA, CARL CAMPBELL,** and their co-conspirators, also used FedEx to facilitate the movement of drug proceeds between Columbus, Ohio and California, Texas, and other states, in order to conceal and disguise the nature, location, source, ownership, and control of the drug proceeds.

5. During the course of the conspiracy, the defendants **CHARLES WOODEN, GREGORY FOUNTAIN, ALEXIS ORTEGA, CARL CAMPBELL,** and their co-conspirators, used proceeds from the sale of cocaine and fentanyl to rent houses, purchase airline tickets, pay for hotel rooms, and otherwise facilitate travel for the defendants **CHARLES WOODEN, GREGORY FOUNTAIN, ALEXIS ORTEGA, CARL CAMPBELL**, and their co-conspirators, for the purpose of transporting cocaine, fentanyl, and drug proceeds between Columbus, Ohio and California, Florida, Georgia, North Carolina, Texas, and other states.

6. During the course of the conspiracy, the defendants **CHARLES WOODEN, GREGORY FOUNTAIN, ALEXIS ORTEGA, CARL CAMPBELL, COURTNEY MUSICK**, and their co-conspirators, used wire transfers involving financial institutions, including but not limited to JP Morgan Chase Bank, Fifth Third Bank, True Sky Credit Union,

CME Federal Credit Union, PNC, Key Bank, and money servicing businesses, to conceal and disguise the nature, location, source, ownership, and control of the drug proceeds. Additionally, the defendant **CHARLES WOODEN**, deposited drug proceeds into a JP Morgan Chase Bank account under a false identity in order to conceal and disguise the nature, location, source, ownership, and control of the drug proceeds.

7. During the course of the conspiracy, the defendants **CHARLES WOODEN, COURTNEY MUSICK,** and their co-conspirators, purchased real estate, paid for renovations to real estate, rented real estate, and sold real estate in order to conceal and disguise the nature, location, source, ownership, and control of proceeds derived from the sale of cocaine and fentanyl. Additionally, the defendants, **CHARLES WOODEN** and **COURTNEY MUSICK**, and their co-conspirators, used equity in the real estate and other assets purchased to acquire loans in order to conceal and disguise the nature, location, source, ownership, and control of proceeds derived from the sale of cocaine and fentanyl.

**All in violation of 18 U.S.C. § 1956(h).**

### COUNTS 3 through 9
(Promotional and Concealment Money Laundering)

8. On or about the dates set forth below, in the Southern District of Ohio and elsewhere, the defendant **CHARLES WOODEN**, did knowingly conduct and attempt to conduct the following financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity—that is, drug trafficking—with the intent to promote the carrying on of specified unlawful activity—that is, drug trafficking—and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, source, location, ownership and control of the proceeds of said specified unlawful activity, and that, while conducting and attempting to conduct such financial transactions, knew

4

that the property involved in the financial transactions represented the proceeds of some form of unlawful activity:

| Count | Date | Financial Transaction |
|---|---|---|
| 3 | 12/12/19 | Receipt of two packages containing United States Currency from a FedEx located at 2787 North Main Street, Santa Ana, California, said packages having been shipped via FedEx from Columbus, Ohio on December 11, 2019. |
| 4 | 12/13/19 | Receipt of two packages containing United States Currency from a FedEx located at 5930 Corporate Avenue, Cypress, California, said packages having been shipped via FedEx from Columbus, Ohio on December 12, 2019. |
| 5 | 12/13/19 | Receipt of two packages containing United States Currency from a FedEx located at 5301 Lakewood Boulevard, Lakewood, California, said packages having been shipped via FedEx from Columbus, Ohio on December 12, 2019. |
| 6 | 12/13/19 | Receipt of two packages containing United States Currency from a FedEx located at 15951 Goldenwest Street, Huntington Beach, California, said packages having been shipped via FedEx from Columbus, Ohio on December 12, 2019. |
| 7 | 12/13/19 | Receipt of two packages containing United States Currency from a FedEx located at 19674 Beach Boulevard, Huntington Beach, California, said packages having been shipped via FedEx from Columbus, Ohio on December 12, 2019. |
| 8 | 12/13/19 | Receipt of two packages containing United States Currency from a FedEx located at 3992 Barranca Parkway, Suite A, Irvine, California, said packages having been shipped via FedEx from Columbus, Ohio on December 12, 2019. |
| 9 | 12/13/19 | Receipt of two packages containing United States Currency from a FedEx located at 1000 Bristol Street North, Newport Beach, California, said packages having been shipped via FedEx from Columbus, Ohio on December 12, 2019. |

**All in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).**

### COUNTS 10 through 17
(Promotional and Concealment Money Laundering)

9. On or about the dates set forth below, in the Southern District of Ohio and elsewhere, the defendant **ALEXIS ORTEGA**, did knowingly conduct and attempt to conduct the following financial transactions affecting interstate and foreign commerce, which involved

5

the proceeds of specified unlawful activity—that is, drug trafficking—with the intent to promote the carrying on of a specified unlawful activity—that is, drug trafficking—and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, source, location, ownership and control of the proceeds of said specified unlawful activity, and that, while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity:

| Count | Date | Financial Transaction |
|---|---|---|
| 10 | 1/14/21 | Receipt of one package containing United States Currency from a FedEx located at 1303 East Katella Avenue, Orange, California, said package having been shipped via FedEx from Columbus, Ohio on January 7, 2021. |
| 11 | 1/14/21 | Receipt of one package containing United States Currency from a FedEx located at 3701 South Bristol Street, Santa Ana, California, said package having been shipped via FedEx from Columbus, Ohio on January 7, 2021. |
| 12 | 1/14/21 | Receipt of one package containing United States Currency from a FedEx located at 1000 Bristol Street North, Newport Beach, California, said package having been shipped via FedEx from Reynoldsburg, Ohio on January 7, 2021. |
| 13 | 1/14/21 | Receipt of one package containing United States Currency from a FedEx located at 1615 East Imperial Highway, Brea, California, said package having been shipped via FedEx from Columbus, Ohio on January 7, 2021. |
| 14 | 1/14/21 | Receipt of one package containing United States Currency from a FedEx located at 2787 North Main Street, Santa Ana, California, said package having been shipped via FedEx from Reynoldsburg, Ohio on January 7, 2021. |
| 15 | 1/14/21 | Receipt of one package containing United States Currency from a FedEx located at 444 North Harbor Boulevard, Fullerton, California, said package having been shipped via FedEx from Columbus, Ohio on January 7, 2021. |
| 16 | 1/14/21 | Receipt of one package containing United States Currency from a FedEx located at 5645 East La Palma Avenue, Anaheim, California, said package having been shipped via FedEx from Columbus, Ohio on January 7, 2021. |
| 17 | 1/14/21 | Receipt of one package containing United States Currency from a FedEx located at 15111 Newport Avenue, Tustin, |

| | | |
|---|---|---|
| | | California, said package having been shipped via FedEx from Columbus, Ohio on January 7, 2021. |

**All in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).**

## COUNTS 18 through 22
(Promotional and Concealment Money Laundering)

10. On or about the dates set forth below, in the Southern District of Ohio and elsewhere, the defendant **GREGORY FOUNTAIN**, did knowingly conduct and attempt to conduct the following financial transactions affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity—that is, drug trafficking—with the intent to promote the carrying on of a specified unlawful activity—that is, drug trafficking—and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, source, location, ownership and control of the proceeds of said specified unlawful activity, and that, while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity:

| Count | Date | Financial Transaction |
|---|---|---|
| 18 | 9/8/20 | Receipt of a package containing United States Currency from a FedEx located at 4425 Convoy Street, San Diego, California, said package having been shipped via FedEx from Reynoldsburg, Ohio on September 2, 2020. |
| 19 | 9/8/20 | Receipt of two packages containing United States Currency from a FedEx located at 3609 Midway Drive, San Diego, California, said packages having been shipped via FedEx from Columbus, Ohio on September 2, 2020. |
| 20 | 9/8/20 | Receipt of a package containing United States Currency from a FedEx located at 3462 Murphy Canyon Road, San Diego, California, said package having been shipped via FedEx from Reynoldsburg, Ohio on September 2, 2020. |
| 21 | 9/8/20 | Receipt of a package containing United States Currency from a FedEx located at 1834 Garnet Avenue, San Diego, California, said package having been shipped via FedEx from Columbus, Ohio on September 2, 2020. |

| Count | Date | Financial Transaction |
|---|---|---|
| 22 | 9/8/20 | Receipt of a package containing United States Currency from a FedEx located at 734 University Avenue, San Diego, California, said package having been shipped via FedEx from Columbus, Ohio on September 2, 2020. |

**All in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).**

## COUNTS 23 through 25
(Concealment Money Laundering)

11. On or about the dates set forth below, in the Southern District of Ohio and elsewhere, the defendant **COURTNEY MUSICK**, did knowingly conduct and attempt to conduct the following financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity—that is, drug trafficking—knowing that the transaction was designed in whole and in part to conceal and disguise the nature, source, location, ownership and control of the proceeds of said specified unlawful activity and that, while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity:

| Count | Date | Financial Transaction |
|---|---|---|
| 23 | 6/4/20 | Receipt of wire transfer in the amount of $74,492.89 issued by PM Title into Fifth Third Bank account # xx3201. |
| 24 | 1/29/21 | Receipt of wire transfer in the amount of $128,878.62 issued by LandSel Title Agency to Musick Properties, LLC into Fifth Third Bank account # xx3201. |
| 25 | 9/20/22 | Deposit of check # 266652 in the amount of $1,255,819.18 issued by LandSel Title Agency to Musick Properties, LLC into Key Bank account # xx6800. |

**All in violation of 18 U.S.C. § 1956(a)(1)(B)(i).**

## FORFEITURE ALLEGATION 1

12. Upon conviction of the offense set forth in Count 1 of this Indictment, the defendants, **CHARLES WOODEN, GREGORY FOUNTAIN, ALEXIS ORTEGA,** and **CARL CAMPBELL**, shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), (1) any

8

property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation, and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, including but not limited to:

    a. $155,000.00 in U.S. Currency; and

    b. A money judgment in the amount of at least $24,848,490.00, which represents the amount of proceeds the defendants obtained as a result of the offense.

## FORFEITURE ALLEGATION 2

13. Upon conviction of one or more of the offenses set forth in Counts 2 through 25 of this Indictment, the defendants, **CHARLES WOODEN, GREGORY FOUNTAIN, ALEXIS ORTEGA, CARL CAMPBELL,** and **COURTNEY MUSICK**, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense(s), and any property traceable to such property including, but not limited to, a money judgment up to $24,848,490.00, which represents the amount of money involved in the offense(s).

## SUBSTITUTE ASSETS

14. If any of the property described in Forfeiture Allegations 1 and 2, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), or as incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of the defendants, up to the value of the property described above.

**A TRUE BILL.**

*s/ Foreperson*

**FOREPERSON**

**KENNETH L. PARKER**
**United States Attorney**

**NICOLE PAKIZ (0096242)**
**Assistant United States Attorney**

**JENNIFER M. RAUSCH (0075138)**
**Assistant United States Attorney**